IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   * <br>       Plaintiff.   * <br>                            * <br> vs.   * <br>     * <br> AARON DEAN SUTHERLAND,   * <br>       Defendant.   * | CASE NO.: 7:21-CR-25 |

## DEFENDANT'S REQUEST FOR DISCOVERY

Comes now the Defendant, by and through his Counsel of Record, Jason B. Moon, and pursuant to the United States Constitution, the Laws of the United States, the Federal Rules of Evidence and Criminal Procedure, and the Sentencing Guidelines of the United States, and herein requests that the government produce the following items, to the extent they may exist, for the inspection and use in connection with the preparation, and/or trial or sentencing in the above-captioned matter:

**All discovery addressed in the Court's Standard Pretrial Order, including:**

### 1.

Any relevant written or recorded statements made or adopted by the Defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence

may become known, to the government; that portion of any written record containing the substance of any relevant oral statement made by the Defendant to a government agent, whether before arrest or after in response to any questioning or interrogation by the government; and recorded testimony of the defendant before a grand jury which related to the offense charged. This shall also include the disclosure of any other substance of any other relevant oral statement made by the Defendant whether before or after the arrest in response to any questioning or interrogation by any person then known by the government to the a government agent if the government intends to use the same statement at trial. *See* Fed R. Crim. Proc. 12(a)(1)(A) and Fed R. Crim. Proc. 12(b)(4).

**2.**

A copy of the Defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government. *See* Fed R. Crim. Proc. 16(a)(1)(D) and Fed R. Crim. Proc. 12(b)(4).

**3.**

Books, papers, documents, photographs, tangible items, or copies thereof, which are with the possession, custody or control, and which are related to the above-captioned matter, or are intended for use as evidence at trial, or were obtained from

or belong to the Defendant.  Any and all items obtained by the government as a result of surveillance, search and seizure of Defendant and any co-defendant or co-conspirator. *See* Fed R. Crim. Proc. 16(a)(1)(E) and *Brady v. Maryland,* 373 U.S. 83 (1963).

**4.**

Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government and which are related to the above-captioned matter, or are intended for use as evidence at trial, including the preservation of any material or substance tested. *See* Fed R. Crim. Proc. 16(a)(1)(F) and  Fed R. Crim. Proc. 12(b)(4).

**5.**

A Complete written summary of testimony to be presented by any government witness called as an expert, including said witness' opinion, the basis and reasons thereof, and his/her curriculum vitae, and the results of any tests or examination performed. *See* Fed R. Crim. Proc. 16(a)(1)(G)

**6.**

All evidence favorable to the Defendant which is material either to the issue of guilt or punishment in the above-caption matter, or which serves to impeach the government witness who testifies at trial. *See Brady v.* Maryland, 373 U.S. 83 (1963), and its progeny; *Giglio v. United* States, 405 U.S. 150 (1972), and its progeny; *Kyle v.* Whitley, 514 U.S. 419 (1995). This request includes, but is not limited to:

- This includes the production of witnesses, and any statements made or adopted by said witness, that is known by the government, or by the exercise of due diligence may become known to the government.

- Any statements made or adopted by any individual within the custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government, who will be favorable to, or which will exculpate, the Defendant.

- Any and all evidence showing bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any government witness the government intends to call at trial to testify.

- The results of any lie detector test given to the Defendant or witnesses the government intends to call at trial.

- Any promises of reward, agreement, understanding, and inducement offered or any threats of criminal prosecution made to any witness the government intends to call to testify at trial.

- Presentence investigative reports, if any, relating to any witness the government intends to call at trial.

- Any and all evidence which may indicate that another individual committed the offenses to which the Defendant now stands accused.

- Names and addresses of eyewitnesses to the offense for which the Defendant is now charged, either known, or may become known to the government.

- Information regarding any indecisiveness or hesitation of identification of the defendant by any witness the government intends to call at trial.

- Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the government intends to use or have testify to at trial.

- Any and all differences between information provided to the government by a cooperating witness and information provided to the government in a proffer made by that witness. *See Williams v. Dutton*, 400 F. 2d 797 (5th Cir. 1968).

- A copy of original interview notes, materials, memorandums prepared by wither federal, state, or local government agencies in connection with the

investigation and preparation of this case. *See U.S. v. Nabors*, 707 F.2d 1294 (11th Cir. 1983).

- A list of government witnesses, charts, summaries or calculations the government intends to present at trial during its case in chief.

**7.**

Copies of any statements made or adopted by any co-conspirators, co-defendant, or gent of the defendant regardless of whether the government intends to introduce the same at trial. *See u.s. v. Nabrit*, 554 F.2d 247 (5th Cir 1977).

**8.**

The identity of any informant connected to the above-referenced case who was a percipient witness or participated in the alleged defense. *See Rovarion v. U.S.*, 353 US 53 (1957). Any and all evidence showing bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, criminal record, promises of reward, agreement, understanding, and inducement offered or any threats of criminal prosecution made to any informant.

**9.**

The nature of any and all evidence the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b), a description of each item of such purported

evidence and a statement of the government's theory of admissibility with respect to such evidence.

**10.**

Facts and circumstances of the offense and offense characteristics that are relevant to the application of the Sentencing Guidelines.

Further, these request are a continuing request, and should additional evidence or witness come forward, the Defendant requests the same be made available for inspection, or a copy of any proffer, statement or summary be produced in a timely fashion. *See* Fed. R. Crim Pro. 16(c).

In the event the government fails to produce all, or any part, of the evidence or materials herein requested, the defendant reserves the right to oppose the introduction of such evidence or material at any hearing or trial, and will move for a dismissal of the indictment against the Defendant. *See* Fed. R. Crim. Pro. 16(d)(2).

Defendant reserves the right to file additional or supplemental motions once evidence is disclosed, if the indictment is superseded, if additional evidence or information is disclosed and in the interest of justice.

Respectfully submitted this 19th day of July, 2021.

/s/ Jason B. Moon<br>
Jason B. Moon<br>
Attorney at Law

Prepared by:
Jason B. Moon
Attorney for Defendant
P.O. Box 866
Valdosta, Georgia 31603-0866
Telephone: (229) 247-0715
Georgia Bar No. 517955
Email: jason@valdostagalawyer.com

# **CERTIFICATE OF SERVICE**

COMES NOW the undersigned, and herein states that the foregoing **Defendant's Request for Discovery** was sent via the Court's Electronic Delivery Service to the following parties:

Clerk, United States District Court
(Via Electronic Service)

Office of the U.S. Attorney
(Via Electronic Service)

Respectfully submitted this 16th day of July, 2021.

/s/ Jason B. Moon
Jason B. Moon
Attorney at Law

Prepared by:
Jason B. Moon
Attorney for Defendant
P.O. Box 866
Valdosta, Georgia 31603-0866
Telephone: (229) 247-0715
Georgia Bar No. 517955
Email: jason@valdostagalawyer.com