IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **vs.** : | **CRIMINAL NO. 7:21-CR-00025** |
| : | |
| **AARON SUTHERLAND.** : | |
| : | |

**UNITED STATES' RESPONSE TO THE COURT'S STANDARD PRE-TRIAL ORDER, REQUEST FOR RECIPROCAL DISCOVERY, AND NOTICE OF DELIVERY OF DISCOVERY**

With due respect, the United States avers that it will comply with the Court's Standard Pretrial Order, except to the extent that any instruction therein may fall outside the requirements of Rule 16 of the Federal Rules of Criminal Procedure. The United States will also disclose items as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny in the Supreme Court and the United States Court of Appeals for the Eleventh Circuit, in accordance with the mandates of those decisions. And the United States will comply with the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure. The United States considers its discovery obligation a continuing one, and it will comply by serving any additional Rule 16 material upon counsel for the Defendant, if and when the same comes in its possession.

The United States notes that it is not required to disclose any statement in its possession until after a witness has testified on direct examination. United States v. Calderon, 127 F.3d 1314, 1334-35 (11th Cir. 1997). The United States is also only obligated to disclose what is in its possession. The United States does not have the duty to order

transcripts of witness testimony in other proceedings and provide them to the defense. Id.

The United States requests disclosure of all the Defendant's documents and objects as required by Federal Rule of Criminal Procedure 16(b)(1)(A), as well as the Defendant's reports of examinations and tests as required by Rule 16(b)(1)(B). The United States further requests reciprocal discovery under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, of any witness statements in the possession of the defense. See, e.g., United States v. Tarnowski, 583 F.2d 903, 906 (6th Cir. 1978); United States v. Pulvirenti, 408 F. Supp. 12 (E.D. Mich. 1976); see also United States v. Nobles, 422 U.S. 225 (1975).

Finally, the United States submits that on July 20th 2021, it provided discovery to counsel for the Defendant.

RESPECTFULLY SUBMITTED, this 20th day of July 2021.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

By:   */s/ Katelyn Semales*
Katelyn Semales
Assistant United States Attorney
New Hampshire Bar No. 268469
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
E-mail: katelyn.semales@usdoj.gov

## CERTIFICATE OF SERVICE

I, Katelyn Semales, Assistant United States Attorney, hereby certify that on the 20th day of July 2021, I electronically filed the within and foregoing United States' Response to the Court's Standard Pre-Trial Order, Request for Reciprocal Discovery, and Notice of Delivery of Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

          PETER D. LEARY
          ACTING UNITED STATES ATTORNEY

By:   */s/ Katelyn Semales*
       Katelyn Semales
       Assistant United States Attorney
       New Hampshire Bar No. 268469
       United States Attorney's Office
       Middle District of Georgia
       P.O. Box 1702
       Macon, Georgia 31202
       Telephone: (478) 752-3511
       E-mail: katelyn.semales@usdoj.gov