IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00025 (WLS-TQL) |
| | : |
| AARON SUTHERLAND, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is the Defendant's Motion to Seal (Doc. 52) the Parties' Proposed Restitution Agreement. Therein, Defendant requests that this Court seal the Restitution Agreement reached in this case, because of its potential to reveal private information. (*Id.*) The Court notes upon review of Defendants Motion, as well as the record of this case, that there is no documentation or information in the record – that has not already been sealed – that could result in the identification of the minor victim in this case. Accordingly, for the reasons that follow, Defendant's Motion to Seal (Doc. 52) is **DENIED**.

Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common-law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313.; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp a stipulation to seal the record.'") Generally, "[a] party's privacy or proprietary interest

in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

The Court has reviewed the Proposed Restitution Agreement and finds that good cause does not exist to grant Defendant's Motion to Seal. (Doc. 52.) Good cause does not exist because the Proposed Restitution Agreement contains no information that could result in the identification of the minor victim in this case. Accordingly, to the extent the agreement includes private information, the publics' interest in the right to inspect and copy public records, outweighs any private interest in preventing disclosure. For this reason, Defendant's Motion to Seal (Doc. 52) is **DENIED**.

Finally, the Court notes that Defense Counsel has filed a Response (Doc. 53) to this Court's Order to Show Cause (Doc. 51) why Counsel failed to file the proposed Restitution Agreement by Friday, July 22, 2022. (Doc. 48.) The Reason that Counsel did not comply with the deadline set in this Court's June 23, 2022, Order (Doc. 48) is that Defense Counsel could not meet with Defendant in person until recently. (Doc. 53.) The need for Defendant to review the Proposed Restitution Agreement with Counsel constitutes good cause. Accordingly, no further action is needed at this time.

**SO ORDERED**, this 3rd day of August 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**